UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NICOLE SANDERSON,

    Plaintiff,

v.                                                                                               Case No. 13-10094

CITY OF FARMINGTON HILLS,                                              HON. AVERN COHN

    Defendant.

_____/

### MEMORANDUM AND ORDER DENYING DEFENDANT'S
### MOTION FOR RECONSIDERATION (Doc. 13)

#### I. INTRODUCTION

This is an action under the Uniformed Services Employment and Reemployment Rights Act (USERRA), 38 U.S.C. § 4301, *et seq.* On September 17, 2013, the Court denied Defendant City of Farmington Hills' motion for summary judgment. *See Sanderson v. City of Farmington Hills*, No. 13-11094, 2013 WL 5231989 (E.D. Mich. Sept. 17, 2013). Now before the Court is Defendant's motion for reconsideration on the sole basis that the Court erred in concluding that Plaintiff Nicole Sanderson is not required to show discrimination based on military service to prove her claim (Doc. 13). For the reasons that follow, the motion is DENIED.

#### II. LEGAL STANDARD

The Local Rules of the Eastern District of Michigan provide that "[a] motion for rehearing or reconsideration must be filed within 14 days after entry of the judgment or order." E.D. Mich. LR 7.1(h)(1). Defendants' motion is timely.

No response or oral argument is allowed on a motion for reconsideration unless the court orders otherwise. E.D. Mich. LR 7.1(h)(2).

The Court "will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. LR 7.1(h)(3). To obtain reconsideration of a court order, "the movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case." *Id.* A palpable defect "is a defect which is obvious, clear, unmistakable, manifest, or plain." *Ososki v. St. Paul Surplus Lines Ins. Co.*, 162 F. Supp. 2d 714, 718 (E.D. Mich. 2001).

### III. DISCUSSION

Defendant argues that the Court erred in relying on *Petty v. Metropolitan Government of Nashville-Davidson County*, 538 F.3d 431 (6th Cir. 2008) (*Petty I*) in concluding that Sanderson was not required to show discrimination based on her military service to bring her reemployment claim under section 4312 of the USERRA. In support of this argument, Defendant relies on *Curby v. Archon*, 216 F.3d 549 (6th Cir. 2000). However, the Court explained in the memorandum and order that the Sixth Circuit in *Petty I*, while recognizing the *Curby* decision, made clear that "[s]ection 4311 [requiring discrimination] applies *after* reemployment has occurred. . . ." *Sanderson*, 2013 WL 5231989, at *6 (citation and internal quotation marks omitted). Here, Sanderson was not reemployed. Thus, as the Court concluded, "the requirement that a plaintiff show discrimination based on military service under section 4311, which applies *after* reemployment, was not triggered." *Id.* (emphasis in original).

Defendant has not pointed to a palpable defect in the Court's memorandum and order. Defendant attempts to rehash the same arguments it made in support of its motion for summary judgment. In so doing, Defendant argues that *Petty I* was incorrectly decided. (Doc. 13 at 14, Def's. Mot. for Recons.). To the extent that *Curby* and *Petty I* conflict, the Court, as is clear in the memorandum and order, relies on *Petty I*, the most recent published decision of the Sixth Circuit to explicitly address the issue.

SO ORDERED.

      s/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: October 3, 2013

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, October 3, 2013, by electronic and/or ordinary mail.

      S/Sakne Chami
Case Manager, (313) 234-5160

3