UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NICOLE SANDERSON,

    Plaintiff,

v.                                                             Case No. 13-10094

CITY OF FARMINGTON HILLS,               HON. AVERN COHN

    Defendant.
_____/

## MEMORANDUM AND ORDER DENYING DEFENDANT'S
## MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL (Doc. 15)

### I. INTRODUCTION

This is an action under the Uniformed Services Employment and Reemployment Rights Act (USERRA), 38 U.S.C. § 4301, *et seq.*  On September 17, 2013, the Court denied Defendant City of Farmington Hills' motion for summary judgment.  *See Sanderson v. City of Farmington Hills*, No. 13-11094, 2013 WL 5231989 (E.D. Mich. Sept. 17, 2013).  The Court subsequently denied Defendant's motion for reconsideration.  *See Sanderson v. City of Farmington Hills*, No. 13-10094, 2013 WL 5500070 (E.D. Mich. Oct. 3, 2013).  Now before the Court is Defendant's motion to certify the orders denying summary judgment (Doc. 12) and reconsideration (Doc. 14) for interlocutory appeal (Doc. 15).  For the reasons that follow, the motion will be denied.

### II. LEGAL STANDARD

28 U.S.C. § 1292(b) states, in pertinent part:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and

that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

See also In re City of Memphis, 293 F.3d 345, 350 (6th Cir. 2002).

### III. DISCUSSION

Defendant argues that the Court should certify an interlocutory appeal because the decisions denying summary judgment and reconsideration involves a controlling issue of law as to which there is substantial ground for difference of opinion. Defendant is wrong.

Defendant continues to argue that section 4312 of the USERRA requires Plaintiff to show discrimination based on her military service. It does not. There is no substantial ground for difference of opinion on this matter.

Defendant continues to rely on dicta in Curby v. Archon, 216 F.3d 549 (6th Cir. 2000) for its position that section 4312 of the USERRA requires Plaintiff to show discrimination based on her military service even though she was never reemployed. Defendant brushes aside the Sixth Circuit's decision in Petty v. Metropolitan Government of Nashville-Davidson County, 538 F.3d 431 (6th Cir. 2008) which expressly addressed this issue. As another court has stated,

> There was previously some dispute over whether a plaintiff was in fact required to prove discrimination in order to bring a reemployment claim under § 4312. The Sixth Circuit, in Curby v. Archon, 216 F.3d 549, 557 (6th Cir. 2000), held that § 4312 should be read as a "subsection" of USERRA section 4311 and, therefore, that a plaintiff bringing a claim under § 4312 "thus had the burden of showing that his military service was a motivating factor in the [employer's] decision not to reemploy him at the same level of work he enjoyed when he gave notice of his departure for military service." This analysis was convincingly rejected by the Francis [v. Booz, Allen & Hamilton, Inc., 452 F.3d 299 (4th Cir. 2006)], Jordan [v. Air Prods. and Chems., Inc., 225 F. Supp. 2d 1206 (C.D. Cal. 2002)], and Wrigglesworth [v. Brumbaugh, 121 F. Supp. 2d 1126 (W.D. Mich. 2000)] cases cited above. These cases considered the structure and legislative history of USERRA to show that § 4311 and § 4312 provide separate rights for service members–the former protecting against discrimination, and the latter creating an entitlement to reemployment. See

> *Francis*, 452 F.3d at 304; *Jordan*, 225 F. Supp. 2d at 1207; *Wrigglesworth*, 121 F. Supp. 2d at 1135.
>
> This debate should be put to rest by the Department of Labor's December 2005 promulgation of its final USERRA regulations, in which the Department explicitly rejected the *Curby* analysis and stated that "a person seeking relief under section 4312 need not meet the additional burden of proof requirements for discrimination cases brought under section 4311." 70 Fed. Reg. 75246, 75251 (Dec. 19, 2005) (Department of Labor explanation of final rules implementing USERRA).

*Woodard v. N.Y. Health and Hosps. Corp.*, 554 F. Supp. 2d 329, 350 n.16 (E.D.N.Y. 2008).

    As *Woodard* makes clear, there is no substantial ground for difference of opinion on this issue. Defendant's motion to certify an order for interlocutory appeal is DENIED.

    SO ORDERED.

                                            S/Avern Cohn
                                            AVERN COHN
                                            UNITED STATES DISTRICT JUDGE

Dated:  October 18, 2013

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, October 18, 2013, by electronic and/or ordinary mail.

                                            S/Sakne Chami
                                            Case Manager, (313) 234-5160